UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert G. Modrall,                )
                                  )
            Plaintiff,            )   Case: 1:16-cv-00881          (F-Deck)
                                  )   Assigned To : Unassigned
    v.                            )   Assign. Date : 5/10/2016
                                  )   Description: Pro Se Gen. Civil
Gregory B. Starr *et al.*,        )
                                  )
            Defendants.           )

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The application will be granted, and the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff begins the Complaint by alleging that he "received further correspondence from [defendant] Robert Godfrey detailing the criminal negligence and gross incompetence of [defendants] Gregory B. Starr . . . Bill A. Miller [and] Paul D. Hallenbeck." Compl. at 1. He

1

3

then claims that defendants' "performance on behalf of the United States of America is an embarrassment that I am ashamed to have to address." *Id.* Plaintiff seems to fault defendants for failing to act on "overwhelming evidence of numerous felonies committed by federal employees in multiple agencies including two United States Magistrates and a District Judge who have admitted their own guilt on permanent public record[.]" *Id.* And he posits that those alleged failures "have put our National Security in grave risk and continue to cause considerable harm to the American people." *Id.* Plaintiff cites the civil rights statutes and various federal criminal statutes.

Plaintiff has not alleged any facts to support his conclusions. More importantly, he has not alleged that he has suffered an injury, and the Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws . . . does not state an Article III case or controversy," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992), which is a bedrock principle of federal court jurisdiction, *see id.* at 559-60.

To the extent that plaintiff is seeking an investigation of wrongdoing by public officials, *see* Compl. at 2, the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. As a general rule applicable here, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50

F.3d 1078, 1081-82 (D.C. Cir. 1995) (other citation omitted)). Accordingly, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

Date: May 9, 2016

/s/ Ketanji B. Jackson
United States District Judge